UNITED STATES of America, Plaintiff-Appellee,

v.

Perdro HIDALGO, a.k.a. Pedro Hidalgo, a.k.a. Peter Hidalgo, a.k.a. Pedro Alvarez, a.k.a. Pedro Alvarez-Hidalgo, a.k.a. "Petey", a.k.a. "El Flaco", Samuel Olivera, a.k.a. El Bobo, Andres Campillo, a.k.a. Andy, Defendants-Appellants.

United States of America, Plaintiff-Appellee,

v.

Andres Campillo, a.k.a. Andy, Defendant-Appellant.

Nos. 96-4298, 97-5310 and 97-5316.

United States Court of Appeals,

Eleventh Circuit.

Dec. 8, 1999.

Appeals from the United States District Court for the Southern District of Florida. (No. 92-571-CR-WDF), Wilkie D. Ferguson, Jr., Judge.

Before EDMONDSON and BARKETT, Circuit Judges, and COHILL[*], Senior District Judge.

BARKETT, Circuit Judge:

Appellants Peter Hidalgo, Samuel Olivera, and Andres Campillo appeal their convictions and sentences on multiple federal drug and firearm charges. For a variety of reasons, each appellant seeks to have his conviction overturned and his sentence vacated. Based upon the record in this case and having considered the argument of the parties, we find no reversible error.

We find one sentencing issue meriting discussion. Appellants contend that the district court erred in enhancing their sentence by two levels for "restraint of a victim" under § 3A1.3 of the Federal Sentencing Guidelines. The victim in this case was a co-conspirator who was suspected of betraying the other defendants, and who rejoined the conspiracy after he was released. The appellants argue that, as a matter of law, a co-conspirator may not be considered a victim under this provision in the guidelines. We disagree,

---

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

finding that the guideline provision allowing enhancement for restraint of a victim contemplates the restraint of any victim, co-conspirator or otherwise. Accordingly, we affirm the appellants' convictions and sentences.

AFFIRMED.