[DO NOT PUBLISH]

IN THE UNITED STATS COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15350
Non-Argument Calendar

_____

D.C. Docket Nos. 0:11-cv-62319-KAM,
0:08-cr-60309-KAM-1

DONALD DUHART,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 28, 2014)

Before TJOFLAT, JORDAN, and COX, Circuit Judges.

PER CURIAM:

Donald Duhart, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction based on his guilty plea and his resulting sentence.  We granted Duhart a certificate of appealability (COA) on two issues:

> (1)Whether the district court erred in concluding that Claim One (claiming ineffective assistance of counsel) was waived by virtue of Duhart's voluntary and knowing guilty plea; and
> (2) If the district court erred in concluding that Claim One was waived, whether it properly denied his sub-claim that counsel was ineffective in the pre-plea stage for advising him that U.S.S.G. § 2B3.1(b)(3)(C) applied to his conduct.

(*See* Dkt. 27).  While we agree with Duhart that the district court erred by finding that he waived the ability to challenge the knowing and voluntary nature of his guilty plea, we affirm his conviction and sentence because Duhart fails to show that his counsel provided ineffective assistance that impacted the knowing and voluntary nature of his guilty plea.

We review a district court's factual findings for clear error on a motion to vacate, set aside, or correct a sentence, and we review the district court's legal determinations de novo.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  Whether counsel provided ineffective assistance is a mixed question of law and fact that we also review de novo.  *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005).

2

Ordinarily, a defendant's knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings. *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984). But, a defendant can still maintain an attack on the voluntary and knowing nature of the guilty plea itself. Such an attack can be based upon ineffective assistance of counsel claims that go to the knowing and voluntary nature of the plea. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Because Duhart's claim of ineffective assistance of counsel challenged the knowing and voluntary nature of the plea itself, the district court erred by concluding (based upon the magistrate judge's recommendation) that Duhart had waived the ability to raise this claim. *See Wilson*, 962 F.2d at 997.

The district court should have applied *Strickland v. Washington*'s, 466 U.S. 668, 104 S. Ct. 2052 (1984), test and evaluated the merits of Duhart's claim. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985). The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id.* To establish a constitutional claim for ineffective assistance of counsel, a petitioner must establish two things: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the outcome of the case. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To succeed, a petitioner must satisfy both prongs. If a petitioner cannot satisfy one prong, we need not review the other prong. *Id.* at 697, 104 S. Ct. at 2069.

To prove deficient performance under the first prong of *Strickland*, the prisoner must show that counsel made errors so serious that petitioner's counsel failed to function as the counsel guaranteed by the Sixth Amendment. *Id.* at 687, 104 S. Ct. at 2064. The prisoner must show "that counsel's representation fell below an objective standard of reasonableness" measured against "prevailing professional norms." *Id.* at 688, 104 S. Ct. at 2064–65. Scrutiny of counsel's performance is highly deferential, and a strong presumption exists that counsel's performance fell within the range of reasonable professional assistance. *Id.* at 689, 104 S. Ct. at 2065. While counsel's "tactical or strategic decision is unreasonable if it is based on a failure to understand the law," *Hardwick v. Crosby*, 320 F.3d 1127, 1163 (11th Cir. 2003), "counsel will not have rendered deficient performance for an error in judgment" where the "legal principle at issue is unsettled." *Black v. United States*, 373 F.3d 1140, 1144 (11th Cir. 2004).

Under U.S.S.G. § 2B3.1(b)(3)(C), a defendant's offense level is increased by six "[i]f any victim sustained bodily injury" and if the degree of bodily injury was permanent or life threatening. U.S.S.G. § 2B3.1(b)(3)(C). Although several of our sister courts of appeals have held that bystanders and responding police officers qualify as victims under § 2B3.1(b)(3)(C), the parties have called to our attention no binding caselaw of either the Supreme Court or this Court that has decided the

4

question of whether a co-defendant injured during a robbery qualifies as a victim under U.S.S.G. § 2B3.1(b)(3)(C).

Duhart claims that his counsel performed ineffectively by advising him to accept a plea agreement applying the § 2B3.1(b)(3)(C) bodily-injury enhancement and failing to challenge the enhancement's applicability where his codefendant was the "victim."  Despite these contentions, the district court did not err in denying Duhart's ineffective assistance claim because his counsel's advice to enter into this plea agreement fell within the range of reasonable professional assistance.

Although none of the cases the Government brought to our attention directly address the issue of whether the term "victim" for the purposes of § 2B3.1(b)(3)(C) includes a co-defendant, these cases do illustrate a body of persuasive law from which the Government could have reasonably argued that the enhancement applied in this case—and on which the district court in fact relied in determining that the enhancement did apply.  *See United States v. Garcia-Ortiz*, 528 F.3d 74 (1st Cir. 2008); *United States v. Hidalgo*, 197 F.3d 1108, 1109 (11th Cir. 1999).  A reasonable attorney could have challenged the applicability of the enhancement based on the absence of controlling law.  But it was not objectively unreasonable for counsel to have advised Duhart that the enhancement applied given the absence of controlling law on the issue.  *See Black v. United States*, 373 F.3d 1140, 1144 (11th Cir. 2004); *see also Pitts v. Cook*, 923 F.2d 1568, 1573 (11th Cir. 1991).

5

Given the penalties Duhart faced, it was not objectively unreasonable for counsel to advise him to enter into a plea agreement which included the enhancement in exchange for the Government agreeing to dismiss three other counts against him—one of which carried a maximum penalty of life imprisonment. *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064–65. Because we conclude that Duhart failed to establish deficient performance under the first prong of the *Strickland* test, we need not address the second prong of the test involving prejudice. *Id.* at 697, 104 S. Ct. at 2069. After careful consideration of the parties' arguments, we affirm the district court's dismissal of Duhart's 28 U.S.C. § 2255 motion. [1]

**AFFIRMED.**

---

[1] Duhart's motion to file his reply brief out of time is **GRANTED**.

6