[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13680-F
_____

IN RE: TRACY GARRETT,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before WILLIAM PRYOR, HULL, and JULIE CARNES, Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

Tracy Garrett has applied, for the thirteenth time, for leave to file a second or successive motion to vacate, set aside, or correct his federal sentence, *see* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). His application, read liberally, asserts several putative claims. One of them is that the residual clause in the definition of "crime of violence" in section 924(c), *see* 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague in the light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). But we have held en banc that section 924(c)(3)(B) is not unconstitutionally vague because it requires a conduct-based

instead of a categorical approach. *See Ovalles v. United States*, 905 F.3d 1231, 1253 (11th Cir. 2018) (en banc). We have specifically explained, and at length, that this feature of section 924(c)(3)(B) allows it to withstand the reasoning that led the Supreme Court to hold in *Johnson* and *Dimaya* that similarly worded residual clauses in other federal statutes are unconstitutionally vague. *See id.* at 1237–52. It follows that Garrett's vagueness challenge to section 924(c)(3)(B)—like *any* identical challenge by *any* federal prisoner—cannot support a second or successive motion. His other claims also fail. We dismiss Garrett's application to the extent that it repeats claims from his earlier applications, and we deny the remainder.

Garrett is serving a total term of 480 months of imprisonment after his convictions for two counts of carjacking, *see* 18 U.S.C. § 2119; two counts of bank robbery, *see id.* § 2113(a); and two counts of carrying a firearm during the commission of a crime of violence, *see id.* § 924(c)(1)(A)(ii), (C)(i). According to his presentence investigation report, Garrett, on two separate occasions, approached women exiting their cars, threatened them with a gun, demanded their car keys, and drove away in their vehicles. When one of the victims hesitated to surrender her keys, Garrett shoved her to the ground, grabbed her purse, removed the keys, and drove off. Garrett never objected to this description of his conduct. Most of Garrett's total sentence stems from the stiff consecutive sentences federal law imposes on

2

criminals who use or carry firearms during crimes of violence, *see id.* § 924(c)(1)(A), especially those who do so more than once, *see id.* § 924(c)(1)(C). Garrett appealed his convictions, but this Court affirmed them. *See United States v. Garrett*, No. 09-15033 (11th Cir. July 21, 2010). He filed a motion to vacate, set aside, or correct his sentence, *see* 28 U.S.C. § 2255, but the district court denied it. *See Garrett v. United States*, No. 6:10-cv-1796-Orl-31KRS (M.D. Fla. July 17, 2012). Garrett has unsuccessfully sought this Court's leave to file a second or successive motion in the district court on no fewer than twelve earlier occasions. *See In re Garrett*, No. 14-14562 (11th Cir. Nov. 6, 2014); *In re Garrett*, No. 15-11661 (11th Cir. May 12, 2015); *In re Garrett*, No. 16-10842 (11th Cir. Mar. 8, 2016); *In re Garrett*, No. 16-11634 (11th Cir. Apr. 27, 2016); *In re Garrett*, No. 16-13104 (June 16, 2016); *In re Garrett*, No. 16-13964 (11th Cir. July 19, 2016); *In re Garrett*, No. 17-11286 (11th Cir. Apr. 20, 2017); *In re Garrett*, No. 17-14097 (11th Cir. Oct. 20, 2017); *In re Garrett*, No. 18-10961 (11th Cir. Apr. 4, 2018); *In re Garrett*, No. 18-11980 (11th Cir. June 4, 2018); *In re Garrett*, No. 18-12740 (11th Cir. July 9, 2018); *In re Garrett*, No. 18-13201 (11th Cir. Aug. 7, 2018). But this application presents the first opportunity since our en banc decision in *Ovalles* to consider the effect of *Johnson* and *Dimaya* on Garrett's sentence under section 924(c).

The law is wary of second or successive motions by federal prisoners. To file

3

a second or successive motion in the district court, a prisoner must apply for leave

from the appropriate court of appeals, *see* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h), and

the court of appeals must not grant leave unless the motion will "contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

*Id.* § 2255(h). Garrett's application falls short of these exacting standards.

Garrett invokes *Johnson*'s "new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court" in *Welch v. United States*, 136 S.

Ct. 1257 (2016), to challenge his sentence under the residual clause of section

924(c), *see* 18 U.S.C. § 924(c)(3)(B). But *Johnson*—which held that the residual

clause of the definition of "crime of violence" in the Armed Career Criminal Act,

*see id.* § 924(e)(2)(B), is unconstitutionally vague, *see Johnson*, 135 S. Ct. at

2563—does not apply to section 924(c)(3)(B). *See Ovalles*, 905 F.3d at 1252.

*Dimaya*—which provisionally held the same of the residual clause of the definition

of "crime of violence," *see* 18 U.S.C. § 16(b), as incorporated and made a basis for

deportation in the Immigration and Nationality Act, *see* 8 U.S.C. §§ 1101(a)(43)(F),

1227(a)(2)(A)(iii); *Dimaya*, 138 S. Ct. at 1216; *id.* at 1232–33 (Gorsuch, J.,

4

concurring in part and concurring in the judgment) (providing the fifth vote for the holding on the assumption, but without finally deciding, that the provisions in question require a categorical approach)—also does not apply to section 924(c)(3)(B). *See Ovalles*, 905 F.3d at 1252.

Both *Johnson* and *Dimaya* leave section 924(c)(3)(B) unscathed because, as we held in *Ovalles*, "[t]he question whether a predicate offense constitutes a 'crime of violence' within the meaning of [section] 924(c)(3)(B) should be determined using a conduct-based approach that accounts for the actual, real-world facts of the crime's commission, rather than a categorical approach." *Id.* at 1253. "As interpreted to embody a conduct-based approach, [section] 924(c)(3)(B) is not unconstitutionally vague." *Id.*

In other words, neither *Johnson* nor *Dimaya* supplies any "rule of constitutional law"—"new" or old, "retroactive" or nonretroactive, "previously unavailable" or otherwise—that can support a vagueness-based challenge to the residual clause of section 924(c). Under *Ovalles*, it is abundantly clear that neither Garrett nor any other federal prisoner sentenced under section 924(c) can argue that *Johnson* or *Dimaya* gives him the right to file a second or successive motion in this Circuit.

To be sure, Garrett was sentenced before we decided *Ovalles*, and we used to

5

interpret section 924(c) to require a categorical approach. *See United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013), *overruled in relevant part by Ovalles*, 905 F.3d at 1253. But even if we construed Garrett's claim as a challenge to the use of a categorical approach by his sentencing court, it would make no difference. The substitution of one interpretation of a statute for another never amounts to "a new rule of *constitutional* law," 28 U.S.C. § 2255(h)(2) (emphasis added), not even when it comes from the Supreme Court. *See Gray-Bey v. United States*, 209 F.3d 986, 988–89 (7th Cir. 2000) (explaining that the Supreme Court did not establish a new rule of constitutional law when it abrogated several circuits' interpretation of section 924(c) in *Bailey v. United States*, 516 U.S. 137 (1995)). And there certainly is no rule of constitutional law that guarantees a defendant a sentencing free of statutory error. Once again: after *Ovalles*, there is no basis for Garrett, or any other federal prisoner seeking leave to file a second or successive motion in any district court in this Circuit, to contend that *Johnson* or *Dimaya* supplies any rule of constitutional law on which a vagueness challenge to section 924(c) could be based.

Garrett's other claims also fail to justify a second or successive motion under section 2255(h). Read liberally, his application complains that his sentence is inconsistent with the form of his indictment, that this Court erred in his direct appeal

6

when it declined to consider his untimely and forfeited argument that the district court should have suppressed certain evidence, and that it erred in failing to review the district court's denial of his first motion under section 2255. He claims that each of these putative errors violated his right to due process of law. These claims are not based on any new evidence or any new rule of constitutional law that the Supreme Court has made retroactive, so they cannot support a second or successive motion. And, to the extent that Garrett has asserted identical claims in his previous unsuccessful applications, that is another reason why his application cannot be granted. *See In re Baptiste*, 828 F.3d 1337, 1339–41 (11th Cir. 2016).

We **DISMISS** Garrett's application to the extent that it presents repetitive claims and **DENY** the remainder.

7