[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13077
Non-Argument Calendar

_____

D.C. Docket Nos. 0:16-cv-61001-WPD,
0:12-cr-60018-WPD-4

MARCUS MCKNIGHT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 17, 2019)

Before JORDAN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Marcus McKnight pled guilty to and was convicted of (1) conspiracy to

commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and (2) carrying a

firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  He was sentenced to 84 months' imprisonment and five years of supervised release. On May 9, 2016, Mr. McKnight filed a motion to vacate his convictions and sentences under 28 U.S.C. § 2255, arguing that he is not guilty of carrying a firearm in relation to a crime of violence under § 924(c)'s residual clause.  *See* § 924(c)(3)(B).  He contends that the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551, 2257–58 (2015)—which held that the Armed Career Criminal Act's residual clause was void for vagueness—invalidated § 924(c)'s residual clause.

The district court dismissed Mr. McKnight's motion after concluding that *Johnson* did not extend beyond the ACCA.  Because *Johnson* did not apply to § 924(c), the motion to vacate was also not filed within § 2255(f)(3)'s one-year statute of limitations, and Mr. McKnight was not excused from failing to directly appeal his conviction.  *See Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (allowing a § 2255 motion to proceed without a direct appeal when "a constitutional violation has probably resulted in the conviction of one who is actually innocent") (quotation marks omitted).  On appeal, Mr. McKnight argues that *Johnson* renders § 924(c)'s residual clause unconstitutionally vague.  This argument is foreclosed by recent binding precedent.

2

After the parties briefed this appeal, we decided *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (en banc), holding that the Supreme Court's decisions in *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), did not invalidate § 924(c)'s residual clause. *See Ovalles*, 905 F.3d at 1252–53. Specifically, we determined that the constitutional-doubt canon of statutory construction required us to apply § 924(c)'s residual clause using a conduct-based approach, as opposed a categorical approach. *See id.* at 1240, 1244, 1251. This conduct-based approach accounts for "actual, real-world facts of the crime's commission" in determining whether that crime qualifies under § 924(c)'s residual clause. *Id.* at 1253. Since *Ovalles*, we have held that an attempted Hobbs Act robbery conviction qualified as "crime of violence" under § 924(c)'s residual clause based on the facts of the offense stated at the defendant's plea hearing. *See United States v. St. Hubert*, 909 F.3d 335, 346–47 (11th Cir. 2018). *See also In re Garrett*, 908 F.3d 686, 689 (2018) ("[Under *Ovalles*], neither *Johnson* nor *Dimaya* supplies any 'rule of constitutional law' . . . that can support a vagueness-based challenge to the residual clause of section 924(c)."). [1]

---

[1] Our opinion in *St. Hubert*, 909 F.3d at 352, also concluded that a conviction for attempt to commit a Hobbs Act robbery qualifies under § 924(c)'s elements clause, § 924(c)(3)(A). *See also In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (holding that a Hobbs Act robbery conviction met § 924(c)'s elements clause); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding that a conviction for aiding and abetting a Hobbs Act robbery met § 924(c)'s elements clause). *Cf. In re Pinder*, 824 F.3d 977, 979 n.1 (11th Cir. 2016) (noting that it is unsettled whether a conviction for conspiracy to commit a Hobbs Act robbery meets § 924(c)'s elements

At Mr. McKnight's plea hearing, the government proffered, without objection, that it "would have proven beyond a reasonable doubt that [Mr.] McKnight agreed to steal 15 to 20 kilograms of cocaine from a stash house [belonging to a Mexican drug cartel] by using force through firearms and ammunition." Mr. McKnight's PSI similarly recounted the facts surrounding his conviction, which Mr. McKnight did not dispute. Under a conduct-based approach, Mr. McKnight's conspiracy to commit a Hobbs Act robbery involved a substantial risk that physical force may be used against a person or property. *See Ovalles*, 905 F.3d at 1252–53. Thus, his conviction constituted a crime of violence under § 924(c)'s residual clause.

**AFFIRMED.**

---

clause). Because Mr. McKnight's conviction satisfies § 924(c)'s residual clause, we need not determine whether a conspiracy to commit a Hobbs Act robbery conviction falls under § 924(c)'s elements clause.