[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11476
Non-Argument Calendar

_____

D.C. Docket Nos. 0:08-cr-60309-KAM-1,
0:16-cv-61499-KAM

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

DONALD DUHART,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 12, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

The government appeals the district court's grant of Donald Duhart's motion

to vacate under 28 U.S.C. § 2255. After careful consideration, we conclude the

district court had jurisdiction over Duhart's motion under 28 U.S.C. § 2255(h)(2). However, In re Garrett, 908 F.3d 686 (11th Cir. 2018), requires us to reverse the district court's ruling.

## I.

Duhart pled guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 371 and 1951(a), and one count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)–(2). The district court sentenced Duhart to 87 months on the conspiracy to commit Hobbs Act robbery conviction and a consecutive 60 months on the § 924(c) conviction. His convictions and sentence were affirmed on direct appeal. United States v. Duhart, 379 F. App'x 814 (11th Cir. 2010) (per curiam) (unpublished). Duhart later filed a § 2255 motion, which was unsuccessful in district court and on appeal. Duhart v. United States, 556 F. App'x 897 (11th Cir. 2014) (per curiam) (unpublished).

On Duhart's application, this Court authorized him to file a second § 2255 motion, concluding he had made a prima facie showing that his motion relied on Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), a new rule of constitutional law that was both previously unavailable and made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, 578 U.S. __, 136 S. Ct. 1257 (2016). See 28 U.S.C. § 2255(h)(2).

2

In his second § 2255 motion, Duhart alleged his § 924(c) conviction could not stand because § 924(c) was unconstitutionally vague after Johnson, 135 S. Ct. 2551, and Welch, 136 S. Ct. 1257. The district court agreed. Specifically, the district court ruled that conspiracy to commit Hobbs Act robbery does not have "an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), and thus does not categorically qualify as a crime of violence under § 924(c)'s elements clause. As a result, the court said Duhart's § 924(c) conviction must have relied on the statute's residual clause, which defines a crime of violence as "a felony . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Johnson, the court ruled, rendered that clause unconstitutionally vague, and Duhart's § 924(c) conviction therefore could not stand.

This appeal followed.

## II.

In § 2255 appeals, we review de novo all questions of law. United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999) (per curiam). This appeal presents two questions of law.

The government first argues the district court lacked jurisdiction over Duhart's second § 2255 motion because Duhart did not make a prima facie

showing that he satisfied the criteria of § 2255(h)(2).  See 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(3)(A)–(D), (b)(4).  We reject this argument.  When the district court ruled on Duhart's motion, this Court had not yet decided whether conspiracy to commit Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s elements clause.  Neither had it decided if Johnson's ruling, which invalidated the Armed Career Criminal Act's residual clause, also invalidated § 924(c)'s similarly-worded residual clause.  Thus, the district court did not err in ruling that Duhart had made a prima facie showing that Johnson might have invalidated his conviction.  See In re Pinder, 824 F.3d 977, 979 & n.1 (11th Cir. 2016).

Nonetheless, we are bound to reverse the district court's merits decision.  This Court recently ruled that Johnson "can[not] support a vagueness-based challenge to the residual clause of section 924(c)" in the context of a second or successive § 2255 motion.  In re Garrett, 908 F.3d at 689.  Garrett thus forecloses Duhart's argument and requires us to reverse the district court's ruling.

**REVERSED AND REMANDED.**