[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15696
Non-Argument Calendar

_____

D.C. Docket Nos. 8:16-cv-01677-RAL-TBM,
8:10-cr-00230-RAL-TBM-1

CARLOS LAMAR MITCHELL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 2, 2019)

Before TJOFLAT, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Carlos Lamar Mitchell, a federal prisoner serving a 189-month sentence for

bank robbery, 18 U.S.C. § 2113(a), and brandishing a firearm during and in

relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), appeals the district court's dismissal of his motion to vacate his sentence based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015).  Finding no error, we affirm.

In June 2015, the Supreme Court issued its opinion in *Johnson*, holding that the definition of "violent felony" in the so-called "residual clause" of the Armed Career Criminal Act was unconstitutionally vague.  The following year, Mitchell filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that the definition of "crime of violence" in § 924(c)(3)(B)'s residual clause was unconstitutional under *Johnson*, and that bank robbery did not otherwise qualify as a crime of violence for purposes of § 924(c).

The district court found that *Johnson* did not invalidate Mitchell's conviction under § 924(c) and dismissed his motion to vacate.  We granted Mitchell a certificate of appealability on the following issue:  "Whether the district court erred in concluding that Mitchell's conviction under 18 U.S.C. § 924(c), predicated on a bank robbery conviction under 18 U.S.C. § 2113(a), was unaffected by the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015)."  In reviewing the district court's dismissal of a motion to vacate under § 2255, we review the court's legal conclusions *de novo* and its findings of fact for clear error.  *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).

2

For purposes of § 924(c), a "crime of violence" is defined as a felony offense that either " (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). This Court has referred to § 924(c)(3)(A) as the "elements clause," while § 924(c)(3)(B) is referred to as the "residual clause." *Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (*en banc*).

In *Ovalles*, we held that § 924(c)'s residual clause is not unconstitutionally vague under *Johnson* as long as it is interpreted to require "a conduct-based approach, pursuant to which the crime-of-violence determination should be made by reference to the actual facts and circumstances underlying a defendant's offense." 905 F.3d at 1234. *Ovalles* forecloses Mitchell's argument on appeal. *See In re Garrett*, 908 F.3d 686, 689 (2018) (holding, in the context of a second or successive § 2255 motion, that *Johnson* and its progeny do not "support a vagueness-based challenge to the residual clause of section 924(c)").

In any event, even if *Johnson* did invalidate § 924(c)(3)'s residual clause, Mitchell's conviction still would be unaffected because his predicate offense of bank robbery also qualifies as a crime of violence under the elements clause, § 924(c)(3)(A). *In re Sams*, 830 F.3d 1234, 1238–39 (11th Cir. 2016) (holding, in

3

denying an application to file a second or successive § 2255 motion, that § 2113(a) bank robbery qualifies as a crime of violence under § § 924(c)(3)(A)). This is because § 2113(a)—which requires the use of force and violence or intimidation— necessarily requires the use, attempted use, or threatened use of physical force. *Id.* at 1238–39; *cf. Johnson*, 135 S. Ct. at 2563 (clarifying that the invalidation of the ACCA's residual clause did not call into question either the enumerated crimes clause or the elements clause).

Mitchell contends that *Sams* does not govern in his case because orders ruling on applications to file second or successive collateral attacks have no precedential value outside that context. This argument too is foreclosed by circuit precedent. In *United States v. St. Hubert*, we held that "law established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions is binding precedent on all subsequent panels of this Court, including those reviewing direct appeals and collateral attacks, 'unless and until [it is] overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.'" 909 F.3d 335, 346 (11th Cir. 2018) (alteration in the original) (citation omitted).

The district court correctly concluded that *Johnson* provides no basis for invalidating Mitchell's conviction under 18 U.S.C. § 924(c)(1)(A). We therefore affirm.

4

**AFFIRMED**.