[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12037
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22522-CMA,
1:08-cr-20723-CMA-1

ALFREDO MORTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2019)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Alfredo Morton appeals the district court's dismissal of his second or

successive 28 U.S.C. § 2255 motion to vacate his conviction and 120-month

sentence for using, carrying, or possessing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Morton's conviction was predicated on his separate convictions for conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery.  After careful consideration, we affirm.

"When we review the denial of a motion to vacate, 28 U.S.C. § 2255, we review legal conclusions de novo and findings of fact for clear error."  Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014).   The scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the certificate of appealability ("COA").  McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  Further, without this Court's authorization, "the district court lacks jurisdiction to consider" a second or successive § 2255 motion.  See In re Bradford, 830 F.3d 1273, 1276–77 (11th Cir. 2016) (per curiam) (collecting cases).

Morton raises two issues on appeal.  Morton first argues his sentences are invalid in light of the Supreme Court's decision in Dean v. United States, 581 U.S. ___, 137 S. Ct. 1170 (2017).  This argument is outside the scope of Morton's COA and therefore not properly before us.  See McKay, 657 F.3d at 1195.  As a result, we decline to consider it on appeal.

Second, Moron argues his § 924(c) conviction and sentence are invalid because Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), rendered 924(c)'s residual clause unconstitutionally vague.  He contends his attempted

Hobbs Act robbery and conspiracy to commit Hobbs Act robbery convictions no longer qualify as predicate crimes of violence for his § 924(c) convictions.

In 2016, this Court granted Morton leave to file a second or successive § 2255 motion because, at that time, this Court had not yet decided whether Johnson invalidated § 924(c)'s residual clause.  Since then, this Court held that Johnson did not support a vagueness-based challenge to § 924(c)'s residual clause. See Ovalles v. United States, 905 F.3d 1231, 1234, 1253 (11th Cir. 2018) (en banc), abrogated by United States v. Davis,  588 U.S. ___, 139 S. Ct. 2319, 2324, 2326 (2019); In re Garrett, 908 F.3d 686, 689 (11th Cir. 2018), abrogated in part by Davis, 139 S. Ct. at 2324, 2326.  But the Supreme Court recently rejected this Court's precedent in Ovalles, holding that § 924(c)'s residual clause is unconstitutionally vague.  Davis, 139 S. Ct. at 2336.

This leaves us with Morton's contention that § 924(c)'s residual clause is unconstitutionally vague.  He is right on that point.  See id.  But we cannot reverse the district court's order denying his § 2255 motion.  As this Court recently explained in In re Hammoud, ___ F.3d ___, 2019 WL 3296800 (11th Cir. July 23, 2019), § 2255 claims brought under Johnson and Davis challenging convictions and sentences under § 924(c)'s residual clause are separate and distinct.  Id. at *4 ("Davis announced a new substantive rule of constitutional law in its own right, separate and apart from (albeit primarily based on) Johnson.").  This Court granted

3

Morton leave to file a <u>Johnson</u>-based challenge to his conviction and sentence in the district court—not a <u>Davis</u> challenge.  We therefore cannot now consider the effect of <u>Davis</u> on the denial of Morton's § 2255 petition.  See <u>Bradford</u>, 830 F.3d at 1276–77.  And our binding precedent requires us to conclude that the new, retroactive rule in <u>Johnson</u> does not give Morton relief.  See <u>In re Garrett</u>, 908 F.3d at 689.

Although Morton's <u>Johnson</u> challenge is unsuccessful, he is free to file another application in this Court seeking an order authorizing the district court to consider a second or successive motion under § 2255 based on <u>Davis</u>.  See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).[1]  Indeed, this Court recently held that <u>Davis</u> announced a new rule of constitutional law retroactively applicable to cases on collateral review by the Supreme Court.  <u>In re Hammoud</u>, 2019 WL 3296800, at *4; <u>see also</u> <u>In re Cannon</u>, ___ F.3d ____, 2019 WL 3334766, at *3 (11th Cir. July 25, 2019).[2]

**AFFIRMED.**

---

[1] While we make no statement as to the success of a future § 2255 motion, we note that Morton has only one year from the date <u>Davis</u> was issued to file another § 2255 motion on that basis.  See 28 U.S.C. § 2255(f)(3).

[2] Because the Supreme Court issued its decision in <u>Davis</u>, there is no need to stay the proceedings.  Morton's motion to stay is therefore **DENIED AS MOOT**.