[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13933
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22119-RNS; 1:15-cr-20056-RNS-1


YAMIL M. VEGA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 23, 2019)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Yamil Moises Vega, a federal prisoner represented by counsel, appeals the

district court's denial of his 28 U.S.C. § 2255 motion to vacate.  Vega argued in

the district court that his Hobbs Act robbery conviction, a violation of 18 U.S.C. § 1951(a), was not a qualifying crime of violence under 18 U.S.C. § 924(c) because *Johnson v. United States*, 135 S. Ct. 2551 (2015), should be extended so as to make that residual clause unconstitutional; he also argued that his Hobbs Act conviction did not otherwise qualify under the elements clause.  On appeal, Vega reargues that *Johnson* invalidated § 924(c)'s residual clause and that Hobbs Act robbery does not qualify under § 924(c)'s elements clause.  He also argues that our decision in *In re Saint Fleur*, 824 F.3d 1337 (11th Cir. 2016), holding that Hobbs Act robbery is a crime of violence under the elements clause, should not be given preclusive effect.  Lastly, he argues for the first time that his case should be remanded for resentencing based on *Dean v. United States*, 137 S. Ct. 1170 (2017).

## I.

When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law *de novo*.  *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009).  Under the prior precedent rule, we are bound by our prior decisions unless and until they are overruled by the Supreme Court or this Court *en banc*.  *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).  This includes decisions rendered in the case of a second or successive habeas application.  *In re Hill*, 777 F.3d 1214, 1223 (11th Cir. 2015); *United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018), *cert. denied*, 139

2

S. Ct. 1394 (2019).  We may affirm for any reason supported by the record. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

A federal prisoner may move the sentencing court to vacate his sentence under 28 U.S.C. § 2255 on the ground that, *inter alia*, his sentence was imposed in violation of federal law or the Constitution or exceeds the maximum time allowed by law.  28 U.S.C. § 2255(a).  However, a federal prisoner who fails to raise an issue on direct appeal is procedurally barred from raising it in a § 2255 motion, absent a showing of "cause" and "prejudice," or a showing of actual innocence. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

Federal law imposes a seven-year mandatory minimum sentence if a person "brandished" a firearm "during and in relation to any crime of violence or drug trafficking crime . . . in furtherance of any such crime . . . in addition to the punishment provided for such crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).  A "crime of violence" is defined as a felony offense and

> (A)    has *as an element* the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, *involves a substantial risk that physical force against the person or property of another may be used* in the course of committing the offense.

*Id.* § 924(c)(3) (emphasis added).  The first clause is referred to as the elements clause, while the second clause is referred to as the residual clause.  *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).

3

The Hobbs Act itself criminalizes:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section . . . .

18 U.S.C. § 1951(a).  In *Saint Fleur*, a case involving a second or successive § 2255 motion, we determined that Hobbs Act robbery qualified as a crime of violence under § 924(c)'s elements clause.  *In re Saint Fleur*, 824 F.3d at 1340.  We later applied *Saint Fleur* in a direct criminal appeal and, applying a categorical approach, confirmed that Hobbs Act robbery was a crime of violence under § 924(c)'s elements clause.  *St. Hubert*, 909 F.3d at 337, 349–53.

In *Johnson*—decided shortly after Vega was indicted—the Supreme Court held that a similar residual clause in another subsection, § 924(e), was unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2557–58, 2563.  In 2018, however, we held, *en banc*, that *Johnson* did not support a vagueness-based challenge to § 924(c)'s residual clause.  *See Ovalles v. United States*, 905 F.3d 1231, 1234, 1253 (11th Cir. 2018) (*en banc*), *abrogated by United States v. Davis*, 588 U.S. ——, 139 S. Ct. 2319, 2324, 2326 (2019); *In re Garrett*, 908 F.3d 686, 689 (11th Cir. 2018) (denying a federal prisoner's successive § 2255 application and holding that "neither *Johnson* nor [*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)] supplies any 'rule of constitutional law'—'new' or old, 'retroactive' or

nonretroactive, 'previously unavailable' or otherwise—that can support a vagueness-based challenge to the residual clause of section 924(c)"), *abrogated in part by Davis*, 139 S. Ct. at 2324, 2326.

By contrast, in *Davis—*decided after the district court denied Vega's § 2255 motion—the Supreme Court overruled the *Ovalles en banc* decision and held, consistent with *Johnson*, that § 924(c)'s residual clause was also unconstitutionally vague. *Davis*, 139 S. Ct. at 2323, 2326, 2336. And we recently held that *Davis* announced a "new substantive rule of constitutional law in its own right, separate and apart from (albeit primarily based on) *Johnson* and *Dimaya*." *In re Hammoud*, 931 F.3d 1032, 1040 (11th Cir. 2019).

Vega's challenge to his § 924(c) conviction fails. We are bound by our prior holding in *Saint Fleur* that Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause. *See St. Hubert*, 909 F.3d at 353; *In re Saint Fleur*, 824 F.3d at 1340. Accordingly, we affirm in this respect.

## II.

In reviewing the district court's ruling on a prisoner's § 2255 motion, appellate review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998). However, in exceptional cases, we may *sua sponte* expand the COA to include issues that reasonable jurists would find debatable. *Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016).

5

"[R]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232 (quotation marks omitted).  A non-constitutional error that may justify reversal on direct appeal generally does not support a collateral attack on a final judgment. *Id.* at 1232–33.

In *Dean*, the Supreme Court determined that it was reversible error for the district court to determine that it could not vary from the guideline range based on the mandatory minimum sentence the defendant would also receive under § 924(c). *Dean*, 137 S. Ct. at 1175–78.

Our review of a district court's ruling on a § 2255 motion is generally limited to the issues specified in the COA and Vega has not asserted exceptional circumstances suggesting that we should expand his COA to consider this issue. *See Mays*, 817 F.3d at 733; *Murray*, 145 F.3d at 1250–51.  This is especially true where Vega has not argued that this was a constitutional error or how this purported non-constitutional error would result in a complete miscarriage of justice. *See Lynn*, 365 F.3d at 1232–33.  Accordingly, we affirm.

**AFFIRMED.**

6