[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11476
Non-Argument Calendar

_____

D.C. Docket Nos. 0:08-cr-60309-KAM-1; 0:16-cv-61499-KAM

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

DONALD DUHART,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 7, 2020)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

MARTIN, Circuit Judge:

In United States v. Duhart, 752 F. App'x 954 (11th Cir. 2019) (per curiam) (unpublished), this panel reversed the district court's decision granting Donald Duhart's motion to vacate his conviction for using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)–(2). Id. at 956. The Supreme Court vacated our judgment and remanded the case to us for further consideration in light of its decision in United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019), which struck down § 924(c)'s residual clause as unconstitutionally vague, id. at 2336. See Duhart v. United States, 140 S. Ct. 100 (2019). On remand, and in light of this Court's decision in Brown v. United States, 942 F.3d 1069 (11th Cir. 2019), Mr. Duhart's conviction under § 924(c) cannot stand. We therefore affirm the District Court's decision vacating Mr. Duhart's conviction under § 924(c) and remand with directions to resentence him on an expedited basis.

## I.

A federal grand jury indicted Mr. Duhart and his co-conspirators with various drug, firearm, and robbery offenses. The indictment specifically charged Mr. Duhart with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)

(Count 2); using and carrying a firearm during a crime of violence and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)–(2) (Count 3); conspiracy to use and carry a firearm during and relation to a crime of violence, in violation of 18 U.S.C. § 924(o) (Count 6); and being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g) (Count 7).  With respect to Mr. Duhart's § 924(c) charge in Count 3, the indictment specified that (1) the predicate "crime of violence" was conspiracy to commit Hobbs Act robbery as charged in Count 1; and (2) the predicate "drug trafficking crime" was conspiracy to possess with intent to distribute five kilograms or more of cocaine as charged in Count 2.

Mr. Duhart entered an agreement to plead guilty to Counts 1 and 3.  Unlike the indictment, which stated that Count 3 was predicated on the offenses charged in Counts 1 and 2, his plea agreement indicated that Count 3 was predicated solely on the "crime of violence" charged in Count 1, namely conspiracy to commit Hobbs Act robbery.  During Mr. Duhart's plea colloquy, the District Court explained that the version of Count 3 to which Duhart pled guilty "alleges that [he] knowingly used and carried a firearm . . . in relation to a crime of violence and that's a violation of [18 U.S.C. § 1951(a)]."  At no point during Mr. Duhart's plea colloquy did the court otherwise indicate that Count 3 was predicated on a drug trafficking crime.

3

The District Court accepted Mr. Duhart's guilty plea and sentenced him to 87-months imprisonment on the conspiracy to commit Hobbs Act robbery conviction together with a consecutive 60-months imprisonment on the § 924(c) conviction.  His convictions and sentence were affirmed on direct appeal.  United States v. Duhart, 379 F. App'x 814, *1 (11th Cir. 2010) (per curiam) (unpublished).  Mr. Duhart later filed a motion for post-conviction relief under 28 U.S.C. § 2255, which was unsuccessful in District Court and on appeal.  Duhart v. United States, 556 F. App'x 897, 899–90 (11th Cir. 2014) (per curiam) (unpublished).

With this Court's authorization, Mr. Duhart filed a second § 2255 motion. In it, he argued that the Supreme Court's decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), rendered his § 924(c) conviction invalid.  In Johnson, the Supreme Court struck down the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. at 2563.  That clause defined "violent felonies" as those "involv[ing] conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  Similar to the ACCA, § 924(c) also contains a residual clause, which defines a "crime of violence" as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).  Mr.

4

Duhart argued that <u>Johnson</u>, by holding the ACCA's residual clause was unconstitutionally vague, also invalidated § 924(c)'s residual clause.

Separate from § 924(c)(3)'s residual clause is its elements clause, which defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." <u>Id.</u> § 924(c)(3)(A). Mr. Duhart also argued that conspiracy to commit Hobbs Act robbery did not qualify as a crime of violence under § 924(c)(3)'s elements clause because conspiracy does not require an overt act toward the commission of substantive Hobbs Act robbery. According to Mr. Duhart, because <u>Johnson</u> invalidated § 924(c)(3)'s residual clause, and because conspiracy to commit Hobbs Act robbery was not otherwise a "crime of violence" under § 924(c)(3)'s elements clause, Count 3 could not stand.

The District Court agreed with Mr. Duhart and vacated his § 924(c) conviction. The government appealed, arguing (1) that the District Court was without jurisdiction over Mr. Duhart's second § 2255 motion; and (2) <u>Johnson</u> did not invalidate § 924(c)(3)'s residual clause. We held the District Court properly exercised jurisdiction over Mr. Duhart's second § 2255 motion, but reversed in light of our decision in <u>In re Garrett</u>, 908 F.3d 686 (11th Cir. 2018), which held that <u>Johnson</u> did not invalidate § 924(c)(3)'s residual clause. <u>See</u> <u>Duhart</u>, 752 F.

5

App'x at 956 (citing Garrett, 908 F.3d at 689).  Mr. Duhart petitioned the Supreme

Court for certiorari.

## II.

Several months later the Supreme Court issued its decision in Davis, which

struck down § 924(c)(3)'s residual clause as unconstitutionally vague.  139 S. Ct.

at 2336.  While our court has held that Davis announced a new rule of

constitutional law retroactive to cases on collateral review, see In re Hammoud,

931 F.3d 1032, 1037–38 (11th Cir. 2019), we have also recognized two important

limitations to Davis's scope.  First, Davis addressed only the constitutionality of

§ 924(c) convictions predicated on crimes of violence, while leaving undisturbed

§ 924(c) convictions predicated on drug trafficking crimes.  See In re Navarro, 931

F.3d 1298, 1302 (11th Cir. 2019) (per curiam) (holding that § 924(c) convictions

"fully supported by [] drug-trafficking crimes" are "outside the scope of Davis").

Second, Davis invalidated § 924(c)(3)'s residual clause but left its elements clause

intact.  See Brown, 942 F.3d at 1075.

On October 7, 2019, the Supreme Court granted Mr. Duhart's petition for

certiorari, vacated our decision denying his second § 2255 motion, and remanded

for further consideration in light of Davis.  Duhart v. United States, 140 S. Ct. 100

(2019).  Though Davis now precludes liability under § 924(c)(3)'s residual clause,

our inquiry does not ordinarily end there.  After all, a conviction under § 924(c)

remains valid if it is supported by a drug trafficking crime or if its predicate "crime of violence" otherwise qualifies under § 924(c)(3)'s elements clause. See Brown, 942 F.3d at 1073–74. Here, however, the government did not raise any alternative bases for Mr. Duhart's § 924(c) conviction in either its opening or reply brief, and thus waived any such argument on appeal. See United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (per curiam) (holding, in a case remanded from the Supreme Court, that issues not timely raised in the briefs are deemed abandoned). Even if we considered alternative bases for Mr. Duhart's § 924(c) conviction, this court's decision in Brown would require that we vacate his sentence because (1) the record conclusively establishes that Duhart's conviction was not predicated on a drug trafficking crime; and (2) the sole underlying offense does not qualify as a "crime of violence" under § 924(c)(3)'s elements clause.

### III.

To prove an offense under § 924(c)(1)(A), the government must establish that a defendant used or possessed a firearm in relation to and in furtherance of a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A conviction under § 924(c) "does not require that a defendant be convicted of, or even charged with, the predicate offense." United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005) (per curiam). Our precedent provides that when determining which predicate offenses underlie a defendant's § 924(c) conviction, we may refer

7

to a defendant's indictment, plea agreement, plea colloquy, and attendant factual proffer.  See Navarro, 931 F.3d at 1302 (holding that defendant's factual proffer established that his § 924(c) charge was predicated on a drug trafficking crime, thus precluding relief under Davis).

This court's decision in Brown squarely establishes that Duhart's § 924(c) conviction was predicated not on a drug trafficking crime, but on a crime of violence.  In Brown, the indictment charged the defendant with conspiracy to commit Hobbs Act robbery, two drug trafficking crimes, and a § 924(c)(1)(A) offense.  942 F.3d at 1070–71.  The indictment specified that the § 924(c) charge was predicated on both a crime of violence and drug trafficking crimes.  Id.  The defendant's plea agreement, however, identified only a crime of violence— conspiracy to commit Hobbs Act robbery—as the sole predicate for his § 924(c) charge.  During the defendant's plea colloquy, the court explained that the § 924(c) charge to which he pled guilty was based only on a crime of violence.  Id. at 1071. Because the defendant "pled guilty to a § 924(c)(1)(A) offense predicated only on conspiracy to commit Hobbs Act robbery," we concluded that his § 924(c)(1)(A) conviction was not otherwise supported by a drug trafficking crime.  Id. at 1074– 75.

Mr. Duhart's case is materially indistinguishable from Brown.  His indictment lists both a crime of violence and a drug trafficking crime as predicates

8

for his § 924(c) count, but his plea agreement identifies only a predicate crime of violence.  And during Mr. Duhart's plea colloquy, the court explained that his § 924(c) charge was based on a crime of violence, while making no mention of a predicate drug trafficking crime.  On these facts, it is plain that Mr. Duhart's § 924(c)(1)(A) conviction was predicated only on a crime of violence.  See Brown, 942 F.3d at 1074–75.

## IV.

That brings us to whether the offense underlying Mr. Duhart's § 924(c) conviction otherwise qualifies as a crime of violence under § 924(c)(3)'s elements clause.  As an initial matter, Mr. Duhart's plea agreement and colloquy make clear that the designated "crime of violence" underlying his § 924(c) conviction was conspiracy to commit Hobbs Act robbery rather than substantive Hobbs Act robbery.  This distinction is important, because this court's precedent provides that substantive Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)'s elements clause.  In re Fleur, 824 F.3d 1337, 1340–41 (11th Cir. 2016) (per curiam).  In contrast, this Court in Brown held that conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)(3)'s elements clause.  942 F.3d at 1075–76.  Based on our precedent, then, the sole predicate offense for Duhart's § 924(c) conviction—conspiracy to commit Hobbs Act robbery—cannot support his conviction under § 924(c)(3)'s

elements clause.  And because Duhart's § 924(c) conviction cannot otherwise rely on § 924(c)(3)'s now-defunct residual clause, his conviction for Count 3 is invalid and must be vacated.

We thus **AFFIRM** the district court's grant of Mr. Duhart's § 2255 motion and **REMAND** for resentencing.  We are mindful that Mr. Duhart is now serving a sentence for a crime that is no longer valid.  The district court is therefore directed to resentence him on an expedited basis.