[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2011
JOHN LEY
CLERK

_____

No. 09-13660

_____

D. C. Docket No. 08-60090-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMAUR LEWIS,
CURTIS SOLOMON,
DEVON CHANCE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(July 12, 2011)

Before TJOFLAT and BARKETT, Circuit Judges, and STEELE,* District Judge.

_____

* Honorable John E. Steele, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

Jamaur Lewis, Curtis Solomon, and Devon Chance appeal their convictions and sentences after a jury convicted them on multiple counts of Hobbs Act robbery, carrying a firearm in connection with each of the robberies, and conspiracy to commit the same, in violation of 18 U.S.C. §§ 1951(a), 924(c), and 924(o) respectively, contained in a 36-count second superceding indictment. Defendant Solomon, charged in all 36 counts, was found guilty of Counts 1 through 22 and 25 through 36, and not guilty of Counts 23 and 24. Defendant Lewis, charged in 14 counts, was found guilty of Counts 1 and 2, 9 and 10, and 13 through 20, and not guilty of Counts 23 and 24. Defendant Chance, charged in 16 counts, was found guilty of Counts 1 and 2, and 25 through 36, and not guilty of Counts 23 and 24. Defendant Solomon was sentenced to a total of 4,641 months imprisonment; defendant Lewis was sentenced to a total of 1,347 months imprisonment; and defendant Chance was sentenced as a career offender to a total of 1,794 months imprisonment.

Defendant Lewis[1] raises the following claims: (1) The district court erred by (a) overruling a defense challenge for cause and allowing a juror (Juror Forbes), who had been a robbery victim and could not provide assurance of her ability to be

_____

[1] Pursuant to Fed. R. App. P. 28(i), all appellants have adopted the appellate briefs and arguments of co-appellants.

fair, to be seated as a juror over defense objection, and (b) denying defendants' alternative request for an additional peremptory challenge; (2) The evidence was insufficient to support the convictions; (3) The district court erred in admitting speculative and unreliable lay opinion testimony and cell tower maps by a deputy U.S. Marshal regarding the interpretation of cellular telephone tower signals, in violation of Federal Rules of Evidence 403 and 702 and appellants' due process rights; (4) The district court committed multiple trial errors, including (a) admission of prejudicial hearsay evidence of extra-judicial admissions by co-defendants Solomon and Chance, (b) admission of recorded jailhouse conversations between co-defendants Lewis and Solomon which were in the government's possession but were not disclosed to the defense until seven days after the start of the trial, and denial of a requested continuance, and (c) denial of requests for a mistrial or curative instruction following an improper burden-shifting closing argument by the government which was unfairly prejudicial and rendered the trial process fundamentally unfair; and (5) The district court erred in imposing consecutive sentences for each count charging a violation of 18 U.S.C. § 924(c).

Defendant Solomon raises the following claims:  (1) The district court erred in denying a motion to suppress evidence found during a search of Solomon's

3

residence pursuant to a search warrant by (a) failing to hold an evidentiary hearing under <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), and (b) finding the informant to have been reliable; (2) The district court erred in denying (a) a challenge for cause to Juror Forbes, and (b) a defense request for additional peremptory challenges given the nature of the case; (3) The district court erred in refusing to re-seat an alternate juror when Juror Forbes had to be excused for health reasons after the jury had been deliberating for approximately three and one-half hours, and instead proceeded with eleven jurors; (4) The district court erred in denying requests for a short continuance after the last minute disclosure of cooperating witness William Arias; (5) The district court abused its discretion and violated due process by admitting evidence of recorded telephone conversations between defendants Solomon and Lewis while they were incarcerated, which the government failed to disclose pre-trial; (6) The district court erred in admitting cell phone tower mapping evidence and unreliable lay opinion testimony from a deputy U.S. Marshal under the guise of lay opinion testimony; (7) There was not sufficient evidence to support all counts of the robberies where witnesses failed to identify Solomon or other co-defendants as the robbers, and appellants' Rule 29 motions should have been granted; (8) The enhancements under 18 U.S.C. § 924(c) for multiple convictions, which resulted in a sentence of 4,641 months for Solomon,

(a) were unconstitutionally applied and (b) violated due process and the Eighth Amendment.

Defendant Chance raises the following claims: (1) There was insufficient evidence to prove his guilt of any of the offenses; (2) The district court erred by denying his motion for severance based on the cumulative prejudicial effect of spillover evidence; (3) The district court erred in denying his motion *in limine* and objections to prejudicial documentary and testimonial evidence concerning his prior jail custody; (4) The district court erred by admitting hearsay and opinion evidence that the defendants were involved in or admitted involvement in robberies; (5) The district court violated Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 476 (1968) by admitting a jailhouse confession and other statements by a co-defendant; (6) The district court erred in admitting evidence of criminal activities pre-dating the charged conspiracy; (7) The district court erred in denying a request for a continuance to address the government's late disclosure of a material cooperating witness and the need to provide for travel of a defense witness to rebut that testimony; (8) The district court erred by admitting recorded telephone calls between Solomon and Lewis while incarcerated; (9) The district court erred by admitting the unqualified opinion testimony as to the cellular telecommunications process; (10) The district court erred in imposing multiple

5

consecutive imprisonment sentences for the 18 U.S.C. § 924(c) counts; (11) The district court violated defendant's due process, equal protection, and cruel and unusual punishment rights; and (12) The district court erroneously sentenced him as a career offender when he had only one prior qualifying conviction.

We review preserved Bruton claims for abuse of discretion and evaluate any Bruton error for harmlessness beyond a reasonable doubt. United States v. Turner, 474 F.3d 1265, 1275 (11th Cir. 2007). We have stated the proper Bruton standard as being that "a defendant's confrontation right is violated when the court admits a codefendant statement that, in light of the Government's whole case, compels a reasonable person to infer the defendant's guilt." United States v. Schwartz, 541 F.3d 1331, 1351 (11th Cir. 2008)(footnote omitted). A Bruton error does not require a new trial if it is harmless beyond a reasonable doubt, which we find when "the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the co-defendant's statement so insignificant, that beyond any reasonable doubt the improper use of the statement was harmless." Schwartz, 541 F.3d at 1353-54 (quoting United States v. Doherty, 233 F.3d 1275, 1282 (11th Cir. 2000)). Applying these standards, we find that even if the district court committed error in admitting the evidence, any such Bruton error would be harmless beyond a reasonable doubt in light of the entirety of the record evidence.

6

After careful review of the record and the parties' briefs, and having had the benefit of oral argument, we find the other arguments either lack merit or are foreclosed by circuit precedent, and no abuse of discretion or reversible error has been shown.  We affirm all convictions and sentences.

**CONVICTIONS AND SENTENCES AFFIRMED.**