[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 2, 2011
JOHN LEY
CLERK

No. 08-15463
_____

D. C. Docket No. 07-00380-CR-T-30-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANDREW FOWLER,
a.k.a. Man,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 2, 2011)

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before EDMONDSON, BARKETT, and ROTH,[*] Circuit Judges.

_____

[*] Honorable Judge Jane R. Roth, United States Circuit Judge for the Third Circuit, sitting by designation.

PER CURIAM:

Charles Andrew Fowler appealed his conviction for murder with the intent to prevent a person from communicating information about a federal offense to a federal law enforcement officer or judge of the United States, in violation of 18 U.S.C. § 1512(a)(1)(C). We affirmed Fowler's conviction on the ground that the evidence presented at trial was sufficient to support a finding that the victim witnessed Fowler and his accomplices while they were preparing to commit, or had just committed, federal crimes, and that a federal investigation was possible. United States v. Fowler, 603 F.3d 883 (11th Cir. 2010).

The Supreme Court granted Fowler's petition for writ of certiorari and reversed, holding that for a conviction under § 1512(a)(1)(C), the Government must show more than a mere possibility of communication with a federal law enforcement officer, but "must show a *reasonable likelihood* that, had, *e.g.*, the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer." Fowler v. United States, 131 S. Ct. 2045, 2052 (2011).

In light of the Supreme Court's ruling, we vacate our prior opinion in this case, United States v. Fowler, 603 F.3d 883 (11th Cir. 2010), and remand to the district court so that it may consider, in the first instance, the following question:

Whether the evidence presented at the Defendant's trial was sufficient under <u>Fowler v. United States</u>, 131 S. Ct. 2045 (2011), to show a reasonable likelihood that, had the victim communicated with law enforcement officers, at least one of the relevant communications would have been made to a federal officer.

**PRIOR DECISION VACATED; and REMANDED.**