[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14830
Non-Argument Calendar

_____

D.C. Docket Nos. 0:16-cv-61410-DMM,
0:08-cr-60090-DMM-1

CURTIS SOLOMON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 8, 2019)

Before WILLIAM PRYOR, GRANT and HULL, Circuit Judges.

PER CURIAM:

Curtis Solomon appeals following the district court's denial of his

authorized successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

sentence. Back in 2017, the district court granted Solomon a certificate of appealability ("COA") on the issue of whether the Supreme Court's decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), applies to 18 U.S.C. § 924(c)(3)(B). Subsequently, the Supreme Court decided Sessions v. Dimaya, 584 U.S. __, 138 S. Ct. 1204 (2018), and we held this appeal pending our en banc decision in Ovalles v. United States ("Ovalles II"), 905 F.3d 1231 (11th Cir. 2018) (en banc). After review, we affirm.

## I. PROCEDURAL HISTORY

### A.    Convictions, Direct Appeal, and First § 2255 Motion

In 2008, a federal grand jury charged Solomon with: (1) one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); (2) one count of conspiracy to use and carry a firearm during and in relation to, and to possess a firearm in furtherance of, the Hobbs Act conspiracy charged in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A) and (o) (Count 2); (3) 17 substantive counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 3, 5, 7, 9 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, and 35); and (4) 17 substantive counts of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, and 36). Each of the substantive § 924(c) counts was predicated on the preceding substantive Hobbs Act robbery

count.  For example, Count 3 charged Solomon with the December 11, 2007 robbery of a Papa John's Pizza employee, and Count 4 correspondingly charged him with carrying a firearm during and in relation to that robbery.  All in all, the indictment charged that from December 2007 through late March 2008, Solomon used a firearm to rob a variety of restaurants, including several pizza places and Chinese food restaurants and multiple Subway locations.

Solomon pled not guilty and proceeded to trial.  In 2009, following a 10-day trial, the jury found Solomon guilty on all but two of the charged counts, Counts 23 and 24.  Thus, Solomon was convicted of: (1) one count of conspiracy to commit Hobbs Act robbery; (2) one count of conspiracy to carry a firearm during and in relation to, and to possess a firearm in furtherance of, the Hobbs Act conspiracy; (3) 16 substantive counts of Hobbs Act robbery; and (4) 16 substantive § 924(c) counts.

At Solomon's sentencing in 2009, the district court imposed a total sentence of 4,641 months' imprisonment.  This sentence consisted of: (1) 57 months each as to Counts 1 (Hobbs Act conspiracy), 2 (§ 924(c) conspiracy), and 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 25, 27, 29, 31, 33, and 35 (substantive Hobbs Act robberies), to be served concurrently with each other; (2) a consecutive sentence of 84 months as to Count 4 (first substantive § 924(c) conviction); and (3) 300 months each as to Counts 6, 8, 10, 12, 14, 16, 18, 20, 22, 26, 28, 30, 32, 34, and 36 (additional

3

§ 924(c) convictions), to be served consecutive to each other and to all of the other counts.

Solomon appealed, raising several conviction issues and challenging the imposition of consecutive sentences on his substantive § 924(c) convictions. See United States v. Lewis, 433 F. App'x 844, 845-46 (11th Cir. 2011) (unpublished). In 2011, this Court affirmed Solomon's convictions and sentences. Id. at 847. In 2012, Solomon filed his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, raising two claims of ineffective assistance of trial counsel. In 2013, the district court denied Solomon's original § 2255 motion and denied him a COA. In 2014, this Court also denied Solomon a COA.

## B.    June 2016 Successive § 2255 Motion

On June 10, 2016, Solomon filed an application for leave to file a successive § 2255 motion with this Court. In relevant part, Solomon's June 2016 application sought to challenge his § 924(c) convictions and sentences in light of the Supreme Court's decision in Johnson, which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.

On July 8, 2016, this Court denied in part and granted in part Solomon's application. This Court denied Solomon's application as to his substantive § 924(c) convictions in Counts 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 26, 28, 30, 32, 34, and 36. Each of those convictions corresponded to a companion substantive Hobbs

Act robbery conviction.  Following our precedent in In re Saint Fleur, 824 F.3d 1337 (11th Cir. 2016), this Court held that substantive Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s elements clause.[1]

This Court, however, granted Solomon's application as to his § 924(c) conspiracy conviction in Count 2 because that conviction corresponded to his Hobbs Act conspiracy conviction in Count 1.  This Court explained that "an applicant has made a prima facie case, for purposes of second or successive review, when seeking to challenge a conviction for conspiracy to commit Hobbs Act robbery based on an argument that such a conviction meets only the residual clause of § 924(c)."  (citing In re Pinder, 824 F.3d 977 (11th Cir. 2016).  Accordingly, as a threshold determination, this Court granted in part Solomon's application to file a successive § 2255 motion, but only with respect to his challenge to his § 924(c) conspiracy-related conviction in Count 2.

---

[1]Subsequent to Saint Fleur, five other circuits have held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause.  See United States v. Barrett, 903 F.3d 166, 174 (2d Cir. 2018), pet. for cert. filed, No. 18-6985 (U.S. Dec. 11, 2018); United States v. Melgar-Cabrera, 892 F.3d 1053, 1064-66 (10th Cir.), cert. denied, 2018 WL 5017618 (Nov. 13, 2018); Diaz v. United States, 863 F.3d 781, 783-84 (8th Cir. 2017); United States v. Gooch, 850 F.3d 285, 291-92 (6th Cir.), cert. denied, 137 S. Ct. 2230 (2017); United States v. Rivera, 847 F.3d 847, 848-49 (7th Cir.), cert. denied, 137 S. Ct 2228 (2017).  This Court also held again in a direct appeal case that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A).  United States v. St. Hubert, 909 F.3d 335, 345-51 (11th Cir. 2018).

5

## C.    District Court Proceedings on Successive § 2255 Motion

Following this Court's order, Solomon's case was returned to the district court for adjudication of his authorized successive § 2255 motion. Solomon was represented by counsel in the district court. In July 2017, a magistrate judge issued a report and recommendation ("R&R") recommending that Solomon's successive § 2255 motion be denied. As to the merits of Solomon's claim, the magistrate judge determined, based on our then-recent decision in Ovalles v. United States ("Ovalles I"), 861 F.3d 1257 (11th Cir. 2017), vacated on reh'g en banc, 905 F.3d 1231 (11th Cir. 2018), that Johnson's vagueness holding did not apply to or invalidate § 924(c)(3)(B)'s residual clause. The magistrate judge noted that Solomon did not dispute that his Hobbs Act conspiracy conviction satisfied § 924(c)(3)(B)'s residual clause, but rather argued only that the residual clause was unconstitutional. Because that argument lacked merit in light of Ovalles I, the magistrate judge concluded that Solomon's successive § 2255 motion should be denied.[2]

Solomon objected to the R&R. Solomon argued that the district court should not rely on Ovalles I because (1) this Court had withheld the mandate in

---

[2]In the interest of completeness, the magistrate judge went on to address whether, if Johnson did apply, Hobbs Act conspiracy would qualify under § 924(c)(3)(A)'s elements clause. The magistrate judge determined that it would not. The district court, however, did not adopt that portion of the magistrate judge's R&R, as it was unnecessary to the resolution of Solomon's successive § 2255 motion.

6

that case, indicating that it might be reheard en banc, and (2) Sessions v. Dimaya was then pending in the Supreme Court and might impact the reasoning applied in Ovalles I to distinguish § 924(c) from the ACCA.  Solomon also contended that, even if Ovalles I correctly held that § 924(c)(3)(B)'s residual clause was constitutional, his § 924(c) conspiracy conviction was still invalid because Hobbs Act conspiracy did not qualify as a crime of violence under § 924(c)(3)(B)'s residual clause.  Specifically, Solomon argued that any risk of injury that may occur in the context of a Hobbs Act conspiracy "arises from the object of the conspiracy, which is a separate and distinct offense that is temporally removed from the scope-of-the-risk analysis under § 924(c)(3)(B)."  In other words, Solomon contended that the Hobbs Act conspiracy itself does not require proof of any overt act and thus a conspiracy poses no risk of injury.

The government responded that Ovalles I was binding precedent regardless of whether the mandate had issued and should be applied in Solomon's case.  The government further asserted that Solomon's alternative argument—that Hobbs Act conspiracy did not qualify under the residual clause—was not cognizable in the context of a successive § 2255 motion.  The government explained that this Court's grant of leave for Solomon to file a successive § 2255 motion was limited to his claim that his § 924(c) conviction in Count 2 was invalid in light of Johnson and did not encompass other challenges to the validity of that conviction.

7

Over Solomon's objections, the district court adopted the R&R's recommendation that Solomon's motion be denied "because <u>Johnson</u> does not apply to § 924(c)(3)(B)."  However, the district court granted Solomon a COA "as to whether <u>Johnson</u> applies to § 924(c)(3)(B)."  Solomon now appeals.

## II. LEGAL BACKGROUND

The legal landscape in this case has developed since the district court ruled on Solomon's authorized successive § 2255 motion.  We therefore detail those legal developments below before turning to the merits of Solomon's case.

Following the Supreme Court's decision in <u>Johnson</u> and this Court's decision in <u>Ovalles I</u>, the Supreme Court decided <u>Sessions v. Dimaya</u>.  In <u>Dimaya</u>, the Supreme Court addressed whether <u>Johnson</u>'s vagueness holding as to the ACCA's residual clause applied to and invalidated the residual clause in 18 U.S.C. § 16(b)'s crime of violence definition.  584 U.S. at __, 138 S. Ct. at 1210-12. Section 16(b) defined a crime of violence as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16(b).  Strictly applying the ordinary case or categorical approach, the Supreme Court in <u>Dimaya</u> held that § 16(b)'s residual clause, as incorporated into the Immigration and Nationality Act, like the ACCA's residual clause in <u>Johnson</u>,

8

was void for vagueness and thus unconstitutional. Id. at 1210-11, 1213-16, 1218-23.

After the Supreme Court issued its decision in Dimaya, this Court vacated the opinion in Ovalles I and granted rehearing en banc. Ovalles v. United States, 889 F.3d 1259 (11th Cir. 2018). On rehearing en banc, this Court expressly considered the effect, if any, of Johnson and Dimaya on § 924(c)(3)(B)'s residual clause which, like § 16(b), defines a crime of violence as "an offense that is a felony" and that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Ovalles II, 905 F.3d at 1233-34, 1236-40; 18 U.S.C. § 924(c)(3)(B).

In Ovalles II, the en banc Court determined that § 924(c)(3)(B)'s residual clause can plausibly be interpreted to incorporate either a categorical or a conduct-based approach. See Ovalles II, 905 F.3d at 1251. The en banc Court explained that, for the reasons outlined in Johnson and Dimaya, application of the categorical approach would render § 924(c)(3)(B)'s residual clause unconstitutionally vague. Id. at 1233, 1239-40. By contrast, the en banc Court explained, if § 924(c)(3)(B)'s residual clause is interpreted to incorporate the conduct-based approach, it is not unconstitutionally vague. Id. at 1233-34, 1240. As such, the en banc Court determined that the canon of constitutional doubt required us to adopt the statute-saving conduct-based interpretation. See id. at 1240, 1251-52. Given that the

9

conduct-based approach applied to § 924(c)(3)(B)'s residual clause, the en banc

Court held that the residual clause was not unconstitutionally vague in light of

Johnson and Dimaya.  Id. at 1252.

Relying on Ovalles II, this Court has since held that a federal prisoner's

proposed vagueness challenge to § 924(c)(3)(B)'s residual clause under Johnson

and Dimaya could not satisfy the statutory requirements of § 2255(h).  In re

Garrett, 908 F.3d 686, 687-89 (11th Cir. 2018).  The Garrett Court explained that,

given Ovalles II's holding that § 924(c)(3)(B) is not unconstitutionally vague,

"neither Johnson nor Dimaya supplies any 'rule of constitutional law'—'new' or

old, 'retroactive' or nonretroactive, 'previously unavailable' or otherwise—that

can support a vagueness-based challenge to the residual clause of section 924(c)."

Id. at 689.  This Court added that, even though Garrett was sentenced prior to

Ovalles II, during a time when this Court interpreted § 924(c) to require a

categorical approach, construing his claim to challenge the use of the categorical

approach would "make no difference" because the substitution of one statutory

interpretation for another did not amount to a new rule of constitutional law.  Id.

### III. DISCUSSION

As a preliminary matter, we note that when this Court authorizes a federal

prisoner to file a successive § 2255 motion in the district court, that authorization is

a threshold determination and narrowly circumscribed.  The successive motion

does not stand in the place of a first § 2255 motion, allowing the movant to raise any claim that would have been cognizable in an original § 2255 proceeding. Rather, the claims raised in the successive § 2255 motion must still meet the requirements of § 2255(h).  See Randolph v. United States, 904 F.3d 962, 964 (11th Cir. 2018).  That is, "[o]nce we have authorized a movant to file a second or successive § 2255 motion, the district court has jurisdiction to determine for itself if the motion relies on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"  Id. (quoting 28 U.S.C. § 2255(h)(2)).  "If the motion meets those requirements, the district court has jurisdiction to decide whether any relief is due under the motion; if the motion does not meet the § 2255(h) requirements, the court lacks jurisdiction to decide whether the motion has any merit."  Id.

Furthermore, in making the § 2255(h) determination, the district court owes no deference to our order authorizing the movant to file a successive § 2255 motion.  Id. at 965.  Our threshold determination that the movant made a prima facie showing that he satisfied § 2255(h)'s criteria does not conclusively resolve the issue.  In re Moore, 830 F.3d 1268, 1271 (11th Cir. 2016); see also Jordan v. Sec'y, Dep't of Corrs., 485 F.3d 1351, 1357-58 (11th Cir. 2007).  Instead, "[w]hen we issue an order authorizing a habeas petitioner to file a second or successive § 2255 motion, the district court is to decide the § 2255(h) issues fresh, or in the

11

legal vernacular, de novo." Randolph, 904 F.3d at 965 (quotation marks omitted). Our "first hard look" at whether the § 2255(h) requirements have been met then comes, if at all, on appeal from the district court's decision. Moore, 830 F.3d at 1271 (quoting Jordan, 485 F.3d at 1358).

Here, the district court denied Solomon's authorized successive § 2255 motion because it concluded, based on our then-applicable precedent in Ovalles I, that Johnson's vagueness holding did not apply to or invalidate § 924(c)(3)(B)'s residual clause. The district court framed this as a determination on the merits of Solomon's successive § 2255 motion. In essence, however, in concluding that Johnson did not apply to § 924(c)(3)(B), the district court effectively determined that Solomon's successive § 2255 motion failed to satisfy § 2255(h)'s requirements because, in light of Ovalles I, Johnson did not supply a new rule of constitutional law that could support Solomon's challenge to his § 924(c) conviction and sentence in Count 2. See Garrett, 908 F.3d at 689. Though Ovalles I has since been vacated, the district court's conclusion remains correct in light of our en banc decision in Ovalles II. As this Court explained in Garrett, given Ovalles II's holding that § 924(c)(3)(B)'s residual clause is not unconstitutionally vague, a Johnson- or Dimaya-based vagueness challenge to § 924(c)'s residual clause cannot satisfy § 2255(h)(2)'s "new rule of constitutional law" requirement. Id. Likewise, any challenge Solomon might raise to the district court's use of the

12

categorical approach and its application of § 924(c)(3)(B)'s residual clause in his case would not satisfy § 2255(h) either, as such a claim would be statutory in nature.  See id.  Ovalles II and Garrett foreclose even the most generous reading of Solomon's challenges, both constitutional and statutory, to his § 924(c) conviction in Count 2.  See United States v. St. Hubert, 909 F.3d 335, 346 (11th Cir. 2018) ("[L]aw established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions is binding precedent on all subsequent panels of this Court, including those reviewing direct appeals and collateral attacks . . . .").

## IV. CONCLUSION

For the foregoing reasons, the district court did not err in denying Solomon's authorized successive § 2255 motion, and we affirm.

**AFFIRMED.**

13