[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15192
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-61354-DMM; 0:08-cr-60090-DMM-2

DEVON CHANCE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 26, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Devon Chance appeals from the district court's denial of his authorized successive 28 U.S.C. § 2255 motion to vacate his sentence. The district court granted a certificate of appealability ("COA") on one issue: whether 18 U.S.C. § 924(c)(3)(B) is unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). Because this question has been answered in the negative by this Court's recent precedents, we affirm.

A federal jury found Chance guilty of six counts of Hobbs Act robbery, 18 U.S.C. § 1951(a); six counts of possession of a firearm during and in relation to a crime of violence (predicated on the Hobbs Act robbery offenses), 18 U.S.C. § 924(c)(1); one count of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); and one count of conspiracy to possess a firearm during and in relation to a crime of violence (predicated on the conspiracy to commit Hobbs Act robbery offense), 18 U.S.C. § 924(o). The district court sentenced Chance to a total of 1,794 months' imprisonment, 60 months' supervised release, and fines totaling $1400. Chance's convictions and sentence were affirmed on direct appeal, *United States v. Lewis*, 433 F. App'x 844 (11th Cir. 2011) (unpublished), and the district court subsequently denied his first § 2255 motion.

In *Johnson*, the Supreme Court held that the definition of "violent felony" in § 924(e)(2)(B)(ii) of the Armed Career Criminal Act—commonly called the

2

"residual clause"—was unconstitutionally vague.  135 S. Ct. at 2557.  The

Supreme Court later held that *Johnson* announced a new substantive rule that

applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S.

Ct. 1257, 1264-65, 1268 (2016).  More recently, in *Sessions v. Dimaya*, 584 U.S.

___, 138 S. Ct. 1204 (2018), the Court extended *Johnson* to invalidate the residual-

clause definition of "crime of violence" in 18 U.S.C. § 16(b), as incorporated into

the Immigration and Nationality Act.

Relying on *Johnson* and *Welch*, Chance filed an application for leave to file

a second or successive § 2255 motion on the ground that the definition of "crime of

violence" in § 924(c)(3)'s residual clause[1] had the same constitutional failings as

the ACCA's residual clause, and that all seven of his convictions under

§§ 924(c)(1) and 924(o) were therefore invalid.  We granted Chance leave to file a

second § 2255 motion on the limited issue of whether his conviction for conspiracy

to possess a firearm during and in relation to a crime of violence, predicated on

conspiracy to commit Hobbs Act robbery, was affected by *Johnson*.

Once given leave to do so, Chance filed a second § 2255 motion in the district

court, arguing (as relevant here) that conspiracy to commit Hobbs Act robbery could

---

[1] Section 924(c)(3) defines a "crime of violence" as a felony offense that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause"), or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause").  18 U.S.C. § 924(c)(3)(A)–(B); *see Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (*en banc*).

3

no longer serve as a predicate crime of violence for his § 924(o) conviction because *Johnson* had rendered § 924(c)'s residual-clause definition of that term invalid, and the offense did not otherwise meet the statutory definition of "crime of violence." Notably, Chance did not dispute that his conspiracy offense met the definition in the residual clause; he argued only that the residual clause was constitutionally invalid.

The district court, adopting in part the magistrate judge's report and recommendation, found that *Johnson* did not affect § 924(c)(3)'s residual clause, based on our decision in *Ovalles v. United States* ("*Ovalles I*"), 861 F.3d 1257 (11th Cir. 2017), *vacated on reh'g en banc*, 889 F.3d 1259 (11th Cir. 2018). The court denied Chance's § 2255 motion but granted him a COA, and Chance appealed.

In reviewing the district court's denial of a § 2255 motion to vacate, we review the court's legal conclusions *de novo* and its findings of fact for clear error. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). Although the decisions on which we now rely were issued after the district court denied Chance's § 2255 motion, they support the court's analysis and decision.

While Chance's appeal was pending, we held *en banc* in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) ("*Ovalles II*") that § 924(c)(3)'s residual clause is not unconstitutionally vague under *Johnson* and *Dimaya* because, unlike the similarly-worded residual clauses in the ACCA and § 16(b), § 924(c)(3)(B) could be plausibly interpreted to incorporate an approach that "focuses . . . on the

4

real-world facts of the defendant's offense—*i.e.*, how the defendant actually went about committing the crime in question." 905 F.3d at 1233, 1252. We pointed out that the Supreme Court in both *Johnson* and *Dimaya* emphasized that there was no basis to "doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." *Id.* at 1233–34 (quoting *Johnson*, 135 S. Ct. at 2561 and *Dimaya*, 138 S. Ct. at 1214).

Because *Johnson* and *Dimaya* did not affect § 924(c)(3)'s residual clause, federal prisoners challenging their § 924(c) convictions and sentences in a second or successive § 2255 motion cannot rely on those decisions to meet the requirements of § 2255(h). *In re Garrett*, 908 F.3d 686, 688–89 (11th Cir. 2018) (denying a federal prisoner's successive § 2255 application and holding that "neither *Johnson* nor *Dimaya* supplies any 'rule of constitutional law'—'new' or old, 'retroactive' or nonretroactive, 'previously unavailable' or otherwise—that can support a vagueness-based challenge to the residual clause of section 924(c)"); *see United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018) (holding that three-judge orders ruling on successive § 2255 applications are "binding precedent on *all* subsequent panels of this Court, including those reviewing direct appeals and collateral attacks" (emphasis in the original)). And to the extent that Chance might argue that the trial court erred in his case by applying a "categorical approach" to § 924(c)(3)'s residual clause, rather than the conduct-based approach

5

mandated by *Ovalles II*, such a claim would not meet the requirements of § 2255(h) either, because it is statutory rather than constitutional. *See Solomon v. United States*, 911 F.3d 1356, 1361 (11th Cir. 2019); *Garrett*, 908 F.3d at 689.

The failure to satisfy § 2255(h) is fatal to Chance's authorized successive § 2255 motion. *See Solomon*, 911 F.3d at 1360–61; *Randolph v. United States*, 904 F.3d 962, 964–65 (11th Cir. 2018). The district court did not err in denying the motion, and we therefore affirm.

**AFFIRMED.**