[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14830
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-61410-DMM,
0:08-cr-60090-DMM-1

CURTIS SOLOMON,

　　　　　　　　　　　　　　　　　　　　Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　　　　Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 13, 2020)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WILLIAM PRYOR, GRANT and HULL, Circuit Judges.

HULL, Circuit Judge:

This case is brought under 28 U.S.C. § 2255 and is on remand from the U.S. Supreme Court. In his authorized successive § 2255 motion petitioner Curtis Solomon challenges his firearm conspiracy conviction under 18 U.S.C. § 924(c) and (o) on Count 2. The predicate crime of violence for that § 924(c) and (o) conviction was conspiracy to commit Hobbs Act robbery as charged in Count 1. The Supreme Court has remanded Solomon's case for further consideration in light of United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019), which held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. Davis, 588 U.S. at ___, 139 S. Ct. at 2323-24, 2336. After review, we vacate the district court's denial of Solomon's § 2255 motion as to Count 2 and issue a limited remand to the district court to vacate Solomon's conviction and sentence on Count 2. Solomon's remaining convictions and sentences are not affected by this remand.

## I. PROCEDURAL HISTORY

### A.     Convictions, Direct Appeal, and First § 2255 Motion

In 2008, a federal grand jury charged Solomon with: (1) one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); (2) one count of conspiracy to use and carry a firearm during and in relation to, and to possess a firearm in furtherance of, the Hobbs Act conspiracy charged in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A) and (o) (Count 2); (3) 17 substantive counts of Hobbs Act robbery, in violation of 18 U.S.C.

2

§§ 1951(a) and 2 (Counts 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, and 35); and (4) 17 substantive counts of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, and 36). Each of the substantive § 924(c) counts was predicated on the preceding substantive Hobbs Act robbery count. For example, Count 3 charged Solomon with the December 11, 2007 robbery of a Papa John's Pizza employee, and Count 4 correspondingly charged him with carrying a firearm during and in relation to that robbery. All in all, the indictment charged that from December 2007 through late March 2008, Solomon used a firearm to rob a variety of restaurants, including several pizza places and Chinese food restaurants and multiple Subway locations.

Solomon pled not guilty and proceeded to trial. In 2009, following a 10-day trial, the jury found Solomon guilty on all but two of the charged counts, Counts 23 and 24. The jury convicted Solomon of: (1) one count of conspiracy to commit Hobbs Act robbery (Count 1); (2) one count of conspiracy to carry a firearm during and in relation to, and to possess a firearm in furtherance of, the Hobbs Act conspiracy (Count 2); (3) 16 substantive counts of Hobbs Act robbery; and (4) 16 related substantive § 924(c) counts. This current case concerns only Count 2.

In 2009, the district court sentenced Solomon to: (1) 57 months each as to Count 1 (Hobbs Act conspiracy), Count 2 (§ 924(c) firearm conspiracy), and

3

Counts 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 25, 27, 29, 31, 33, and 35 (substantive Hobbs Act robberies), to be served concurrently with each other; (2) a consecutive sentence of 84 months as to Count 4 (first substantive § 924(c) firearm conviction); and (3) 300 months each as to Counts 6, 8, 10, 12, 14, 16, 18, 20, 22, 26, 28, 30, 32, 34, and 36 (additional § 924(c) firearm convictions), to be served consecutive to each other and to all of the other counts.

On direct appeal, Solomon raised several conviction issues and challenged the imposition of consecutive sentences on his substantive § 924(c) firearm convictions. See United States v. Lewis, 433 F. App'x 844, 845-46 (11th Cir. 2011) (unpublished). In 2011, this Court affirmed Solomon's convictions and sentences. Id. at 847. In 2012, Solomon filed his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, raising two claims of ineffective assistance of trial counsel. In 2013, the district court denied Solomon's original § 2255 motion and denied him a Certificate of Appelability ("COA"). In 2014, this Court also denied Solomon a COA.

**B.     June 2016 Successive § 2255 Motion**

On June 10, 2016, Solomon filed an application for leave to file a successive § 2255 motion with this Court. In relevant part, Solomon's June 2016 application sought to challenge his § 924(c) firearm convictions and sentences in light of the Supreme Court's decision in Johnson v. United States, 576 U.S. __, 135 S. Ct.

4

2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.

On July 8, 2016, this Court denied in part and granted in part Solomon's application. This Court denied Solomon's application as to his substantive § 924(c) firearm convictions in Counts 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 26, 28, 30, 32, 34, and 36. Each of those firearm convictions corresponded to a companion substantive Hobbs Act robbery conviction. Following our precedent in In re Saint Fleur, 824 F.3d 1337 (11th Cir. 2016), this Court held that substantive Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s elements clause.[1]

This Court, however, granted Solomon's application as to his § 924(c) firearm conspiracy conviction in Count 2 because the underlying crime of violence for that conviction was his Hobbs Act conspiracy conviction in Count 1.

## C.    District Court Proceedings on Successive § 2255 Motion

---

[1]Subsequent to Saint Fleur, eight other circuits have held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. See United States v. Barrett, 937 F.3d 126, 128-29 (2d Cir. 2019); United States v. Mathis, 932 F.3d 242, 266 (4th Cir.), cert. denied, No. 19-6423 (U.S. Dec. 9, 2019); United States v. Bowens, 907 F.3d 347, 353-54 (5th Cir. 2018), cert. denied, 139 S. Ct. 1299 (2019); United States v. García-Ortiz, 904 F.3d 102, 106-09 (1st Cir. 2018), cert. denied, 139 S. Ct. 1208 (2019); United States v. Melgar-Cabrera, 892 F.3d 1053, 1064-66 (10th Cir.), cert. denied, 139 S. Ct. 494 (2018); Diaz v. United States, 863 F.3d 781, 783-84 (8th Cir. 2017); United States v. Gooch, 850 F.3d 285, 291-92 (6th Cir.), cert. denied, 137 S. Ct. 2230 (2017); United States v. Rivera, 847 F.3d 847, 848-49 (7th Cir.), cert. denied, 137 S. Ct. 2228 (2017).

In 2017, the district court denied Solomon's authorized successive § 2255 motion as to Count 2. In 2018, this Court affirmed the denial of Solomon's successive § 2255 motion based on our existing precedent at that time. Solomon v. United States, 911 F.3d 1356, 1359-61 (11th Cir. 2019).

**D.      Supreme Court Remand in Light of Davis**

After Solomon filed a petition for a writ of certiorari, the Supreme Court decided Davis. The Supreme Court in Davis extended its reasoning in Johnson and Sessions v. Dimaya, 584 U.S. __, 138 S. Ct. 1204 (2018), to hold that § 924(c)(3)(B)'s residual clause, like the residual clauses in the ACCA and 18 U.S.C. § 16(b), is unconstitutionally vague. See In re Navarro, 931 F.3d 1298, 1301 (11th Cir. 2019). Shortly thereafter, this Court held that Davis announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. In re Hammoud, 931 F.3d 1032, 1037-39 (11th Cir. 2019).

## II.  DISCUSSION

During the parties' supplemental briefing, this Court decided Brown v. United States, 942 F.3d 1069 (11th Cir. 2019), holding that "conspiracy to commit Hobbs Act robbery does not qualify as a 'crime of violence,'" under § 924(c)(3)(A)'s elements clause. Id. at 1075-76. The Brown court concluded that Brown's § 924(c) conviction was invalid and must be vacated because the sole predicate offense supporting it was Hobbs Act conspiracy. Id. at 1076.

6

In Solomon's case, it is undisputed that the sole underlying offense in Count 2 is Solomon's Hobbs Act conspiracy in Count 1. Accordingly, Solomon's § 924(c) conviction on Count 2 is invalid after the Supreme Court's holding in Davis and this Court's holding in Brown. We therefore reverse the district court's denial of Solomon's § 2255 motion as to his claim challenging his Count 2 conviction and issue this limited remand for the district court to vacate Solomon's conviction and sentence on Count 2.[2]

**REVERSED AND REMANDED.**

---

[2]The government argues we need not vacate Solomon's conviction and sentence on Count 2 because he also has 57-month concurrent sentences on other counts. We, however, decline to exercise our discretion to apply the concurrent sentence doctrine because we are vacating not only Solomon's sentence but also his underlying conviction. Further, there is some tension in our precedent as to the scope of the concurrent sentence doctrine as to invalid convictions that we need not address in this limited remand case. Compare United States v. Witek, 61 F.3d 819, 825 n.8 (11th Cir. 1995), with United States v. Fuentes-Jimenez, 750 F.2d 1495, 1497 (11th Cir. 1985); Streator v. United States, 431 F.2d 567, 568 (5th Cir. 1970); see also In re Davis, 829 F.3d 1297 (11th Cir. 2016); In re Williams, 826 F.3d 1351 (11th Cir. 2016).