[DO NOTPUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 17-10114

_____

CHARLES ANDREW FOWLER,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:16-cv-01716-JSM-TGW

_____

Before LAGOA, HULL, and MARCUS, Circuit Judges.

LAGOA, Circuit Judge:

Motions filed under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which begins to run after one of four events. Ordinarily, the one-year limitation runs on "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). But the statute also provides for three other ways to compute the one-year timeframe, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3).

Here, Charles Fowler appeals from the district court's denial of his motion to set aside, vacate, or correct his sentence filed pursuant to § 2255. While Fowler concedes that he filed his § 2255 motion with the district court outside of the one-year window since his conviction became final, he argues that his motion was timely because he filed the motion within one year from the date on which the Supreme Court recognized a new right in *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court held that 18 U.S.C. § 924(2)(B)(ii), the residual clause of the Armed Career Criminal Act ("ACCA"), was unconstitutionally vague. This Court granted Fowler a motion for a certificate of appealability on the following issue only: "Whether the district court erred in dismissing Fowler's 28 U.S.C. § 2255 motion as untimely?"

Before this Court issued the certificate of appealability, and while this appeal was pending, this Court entered an order holding the matter in abeyance pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). After the Supreme Court issued its decision in *Davis*, Fowler, through his counsel, petitioned this Court for leave to file a second or successive § 2255 motion correctly raising *Davis* as the new right in Eleventh Circuit case number 20-12272. A panel of this Court denied the petition without prejudice as premature, noting that *this* appeal remained active and pending.

As a result of *Davis*, Fowler in his initial brief petitioned this Court to treat his § 2255 motion—expressly based on *Johnson*—as one filed under the *Davis* decision. For the reasons discussed below, this we cannot do. Because Fowler was convicted under 18 U.S.C. § 924(c), we affirm the district court's order dismissing Fowler's motion as untimely, as the *Johnson* decision was not applicable to Fowler's conviction. Fowler, however, is not left without a remedy. Because Fowler filed the appropriate form in case number 20-12272 for his application to file a successive § 2255 motion within a year of the Supreme Court's issuance of the *Davis* decision, *see* 11th Cir. R. 22-3(a), we treat Fowler's initial brief, which was filed within a year of the *Davis* decision, as an application for a second or successive § 2255 motion, given the unique procedural circumstances of this particular case. And for the reasons discussed below, we grant the application.

## I.    FACTUAL AND PROCEDURAL HISTORY

## A.    Direct Appeal

A federal grand jury indicted Fowler on Count 1 under the witness-tampering statute, *see* 18 U.S.C. § 1512(a)(1)(C), for the murder of Officer Christopher Horner with the intent to prevent him from communicating information about a federal offense to a federal law enforcement officer or federal judge; and Count 2 under 18 U.S.C. §§ 924(c)(1)(A), (j)(1), and 1111(a), for using a firearm during a federal crime of violence and, in doing so, committing the murder of Officer Horner.  Following a trial, the jury found Fowler guilty on both counts, and the district court sentenced him to life imprisonment on Count 1 and a consecutive term of ten years' imprisonment on Count 2.

Fowler appealed his conviction, and a panel of this Court affirmed the conviction for witness tampering on the grounds that the "*possible* or *potential* communication to federal authorities of a possible federal crime is sufficient for purposes" of witness tampering. *See United States v. Fowler*, 603 F.3d 883, 888 (11th Cir. 2010) (emphasis in original), *vacated*, 654 F.3d 1178 (11th Cir. 2011).  The Supreme Court reversed the conviction, holding that the government must show more than *a mere possibility* of communication with a federal official for a conviction under the witness-tampering statute. *See Fowler v. United States*, 563 U.S. 668, 676–78 (2011).  Rather, the Supreme Court held, the government must establish "a reasonable likelihood" that the victim would have made "at least one relevant communication . . . to a federal law enforcement officer." *Id.* at 677–78 (emphasis removed).

Consistent with the Supreme Court's holding, this Court instructed the district court to determine whether the evidence presented at trial was sufficient to satisfy the Supreme Court's standard of "reasonable likelihood." *See United States v. Fowler*, 654 F.3d 1178, 1178–79 (11th Cir. 2011). On remand, the district court determined it was not, and offered the government an opportunity to retry Fowler on Count 1. The district court also stated it would vacate the sentence on Count 2, reasoning "because obviously a ten-year sentence on Count 2 is interrelated with the life sentence I gave on Count 1. I would not have given someone ten years on a murder-with-a-firearm charge standing alone." The district court vacated Fowler's conviction and sentence on Count 1 after the government decided not to retry him on that count, vacated the ten-year sentence on Count 2, and re-sentenced him to life imprisonment on Count 2. Another panel on this Court affirmed Fowler's re-sentence. *See United States v. Fowler*, 749 F.3d 1010, 1014 (11th Cir. 2014).

### B.    Fowler's Initial 28 U.S.C. § 2255 Motion

Several years after his sentence had become final, on June 23, 2016, Fowler filed a § 2255 motion to set aside, vacate or correct his sentence, asserting that he was entitled to relief pursuant to *Johnson v. United States*, 576 U.S. 591 (2015), which held that the residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), of ACCA was unconstitutionally vague, and that the one-year limitations period began to run from "the date on which the right asserted was initially recognized by the Supreme Court. . . . and made retroactively applicable

to cases on collateral review." The district court dismissed the motion, finding that *Johnson* struck only 18 U.S.C. § 924(e)(2)(B)(ii), the residual clause of ACCA, not 18 U.S.C. § 924(c), ACCA's elements clause—under which Fowler was convicted and sentenced. The district court further denied Fowler's request for a certificate of appealability.

Fowler proceeded to file a notice of appeal, which this Court treated as a motion for a certificate of appealability. While this appeal was pending, the Supreme Court entertained and heard arguments in *United States v. Davis*, 139 S. Ct. 2319 (2019), which resulted in this Court entering an order holding the matter in abeyance pending the Supreme Court's decision in *Davis*. On June 24, 2019, the Supreme Court's decision in *Davis* issued, holding that 18 U.S.C. § 924(c)(3)(B) of ACCA was also unconstitutionally vague. This Court then granted Fowler a motion for a certificate of appealability on the following issue only: "Whether the district court erred in dismissing Fowler's 28 U.S.C. § 2255 motion as untimely?"

## C.    Fowler's Application for Leave to File Second or Successive 28 U.S.C. § 2255 Motion

On June 23, 2020—during the pendency of this appeal— Fowler filed in this Court an application for leave to file a second or successive § 2255 motion. *See In re Fowler*, No. 20-12272 (11th Cir. 2020). In the application for case number 20-12272, Fowler argued that *Davis* rendered his conviction under 18 U.S.C. § 924(c) unconstitutional. A panel of this Court concluded that his proposed § 2255 motion was "not second or successive within the

meaning of §§ 2255(h) and 2244(b)" because his original § 2255 proceeding was not yet final, and therefore denied Fowler's application without prejudice as premature.

During oral argument in this appeal, counsel for Fowler explained he filed the application for leave to file a second or successive § 2255 motion out of an abundance of caution, as he recognized that *Davis* controlled the analysis of Fowler's postconviction claims but the decision in *Davis* had not yet issued when the initial § 2255 motion was filed in the district court. In Fowler's initial brief in this appeal, he again requested that this Court treat his brief as an application for a second or successive § 2255 motion based on *Davis*. The initial brief was filed within the one-year window on which the right asserted was newly recognized in *Davis*.

## II.    STANDARD OF REVIEW

Our review "is restricted to the issue[] specified in the certificate of appealability." *Spencer v. Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010) (quoting *Williams v. Allen*, 598 F.3d 778, 795 (11th Cir. 2010)). Here, the issue on appeal is strictly limited to whether the district court erred in dismissing Fowler's § 2255 motion as untimely. Our review of that issue is *de novo*. *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015).

## III.    ANALYSIS

On appeal, Fowler asks us to recast or construe his § 2255 motion as a claim under *Davis*. This we cannot do. *Davis* is not simply an extension of *Johnson*; "*Davis* announced a *new*

substantive rule." *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) (emphasis added). In *Hammoud*, we considered an application for leave to file a second or successive § 2255 motion from an individual who contended that his § 924(c) conviction was no longer valid in light of *Davis*. 931 F.3d at 1035–36. There, we held that *Davis* announced a new rule of constitutional law. *Id.* at 1038. In so concluding, we explained that *Davis* announced a new rule, in part, because its holding was not necessarily dictated by *Johnson*, as illustrated by the circuit split that preceded it. *Id.* at 1038–39. We also held that the Supreme Court made the *Davis* rule retroactively applicable to criminal cases that became final before it was announced. *Id.* at 1039. We further concluded that the applicant's claim was not barred as repetitious because, although he had raised a *Johnson* claim in a previous successive application, that claim was distinct from his *Davis* claim because *Davis* announced a new rule separate and apart from *Johnson*. *Id.* at 1039–40.

A federal prisoner who wishes to file a second or successive § 2255 motion may receive authorization to do so if he makes a *prima facie* showing that the proposed motion contains claims premised on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2). A federal prisoner may not raise a claim in a second or successive § 2255 motion if he already raised that claim in a prior application. *In re Baptiste*, 828 F.3d 1337, 1339–40 (11th Cir. 2016).

In other words, "a *Johnson* claim is distinct from a *Davis* claim." *Granda v. United States*, 990 F.3d 1272, 1283 (11th Cir. 2021). Indeed, in *In re Hammoud,* this Court stated that: "Hammoud's reliance on . . . *Johnson* to support his § 924(c) challenge is misplaced, as [*Johnson*] involved . . . the ACCA . . . . Thus, Hammoud's present claim is best described as a *Davis* claim." *In re Hammoud*, 931 F.3d at 1036 n.1. *Hammoud* and *Granda* read together make abundantly clear that *Davis* is not "*Johnson*-plus." To the extent that our prior case law was not clear, we reaffirm and hold that defendants challenging their convictions and sentences under § 924(c) must bring their § 2255 motions under *Davis*, not *Johnson*.

Fowler contends, however, that the notion that *Davis* created a new rule separate and distinct from *Johnson* was a courtesy to defendants who were outside the one-year window from *Johnson* to file § 2255 motions. In other words, Fowler argues that if this Court never issued *In re Hammoud* and, therefore, never determined that *Davis* was separate and distinct from *Johnson*, defendants without the foresight to see *Davis* invalidating § 924(c) at some point in the future would be unable to file such collateral attacks on their convictions if one year lapsed since *Johnson* and they failed to file a challenge. Fowler argues that this Court's decision, *Solomon v. United States*, 911 F.3d 1356 (11th Cir. 2019), supports his argument. In *Solomon*, the certificate of appealability raised the question of whether *Johnson* applied to § 924(c). *Id.* at 1357. While *Solomon* was issued prior to the Supreme Court's decision

in *Davis*, Fowler points to language in *Solomon* that describes the authorization to file a second or successive § 2255 motion as "a threshold determination and narrowly circumscribed," and that "[t]he successive motion does not stand in the place of a first § 2255 motion, allowing the movant to raise any claim that would have been cognizable in an original § 2255 proceeding." *Id.* at 1360. Again, this language works in Fowler's favor only if we disregard *Hammoud*'s central holding. Fowler's initial § 2255 motion—the motion that is on appeal—was improper from the outset; it sought relief from his conviction under § 924(c) based on a right established in *Johnson*, which did not address § 924(c).

Indeed, Fowler's co-defendant raised an identical argument. In *Paige v. United States*, 798 F. App'x 470, 471 (11th Cir. 2020), the defendant, convicted and sentenced under § 924(c), filed a § 2255 motion under *Johnson*. A panel of this Court concluded that "[b]ecause [the] instant § 2255 motion only raised a *Johnson* claim, and because, under *In re Hammoud*, *Johnson* claims are distinct from *Davis* claims, the district court did not err in denying Paige's § 2255 motion." *Id.* at 472.

Fowler argues that *Paige* and other similar cases, such as *Granda*, represent a "completely different set of circumstances," as they were "decided on the merits." While it is true that we are not presented with the merits of Fowler's claims here, the threshold question of whether the Supreme Court created a new right in *Davis* separate and apart from *Johnson* nonetheless applies equally here. Fowler's attempt to distinguish the issue here—the

timeliness of his § 2255 motion—from the issue in *Paige*—the merits of Paige's motion—is a distinction without a difference. Because Fowler filed his § 2255 motion well after the one-year limitation from the date of his conviction being final, the only other way for Fowler to satisfy the one-year limitations period under the statute was to file the motion within one year of a newly recognized right by the Supreme Court in *Davis*. Identifying *precisely* under which right recognized by the Supreme Court a defendant purports to challenge his or her conviction and sentence is not just a matter for the merits of a § 2255 motion; it is also a matter for determining timeliness based on the explicit statutory language of 28 U.S.C. § 2255(f)(3).

The issue in Fowler's certificate of appealability is a narrow one: whether the district court erred in dismissing Fowler's § 2255 motion as untimely. It did not. Fowler filed his § 2255 motion well past one year from the date on which his conviction became final. The alternative limitations period based on a newly created right by the Supreme Court does not save his untimely filing because *Johnson* did not invalidate the statute under which Fowler was convicted, and a *Johnson* claim cannot be construed as a *Davis* claim. We therefore affirm the district court's order but note that as the certificate of appealability asked this Court to determine only whether Fowler timely filed his § 2255 motion, we offer no comment on his alternative argument on the merits of his motion.

Notwithstanding the affirmance on the certificate of appealability, we recognize that Fowler in his initial brief in this case asked

this Court to treat the initial brief as an application to file a successive § 2255 motion based on *Davis*, within a year of the *Davis* decision.  Additionally, Fowler, in case number 20-12272, filed an application to file a successive § 2255 motion based on *Davis* within a year of that decision using the appropriate form, although that application was denied by this Court without prejudice as premature as his § 2255 motion *Johnson* appeal was held in abeyance pending the outcome of *Davis*.  *See* 11th Cir. R. 22-3(a).  As a result of these unique circumstances, we treat Fowler's initial brief—which was filed within one year of a right newly recognized by the Supreme Court in *Davis*—as an application for a second or successive § 2255 motion based on *Davis*, and we grant the application.

APPEAL AFFIRMED; APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE § 2255 MOTION GRANTED.